1  Vivian Ho (CA State Bar No. 308111)
    vivianho@chinesenewcomers.org
2  CHINESE NEWCOMERS SERVICE CENTER
   LOW INCOME TAX CLINIC
3  777 Stockton Street, Suite 104
   San Francisco, CA 94108
4  Telephone:    (415) 421-2111
   Facsimile:    (415) 421-2323
5
   Counsel for Plaintiff Raid Halim

6

7

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                                      )
   RAID HALIM,                          )
11            Plaintiff,                )   CIVIL ACTION NO. _____
                                        )
12      vs.                             )   COMPLAINT
                                        )   FOR REFUND OF OVERPAID TAX
13                                      )
   UNITED STATES OF AMERICA,            )
14                                      )
          Defendant.                    )
15                                      )
                                        )
16  _____   )

17

18      Plaintiff, RAID HALIM, states as follows in his complaint for refund against Defendant,

19  UNITED STATES OF AMERICA.

20                              *Jurisdiction*

21      1.    This Court has jurisdiction of this action pursuant to 26 U.S.C. § 7402(a) which

22  states district courts in civil actions may make judgments and decrees as may be necessary or

23  appropriate for the enforcement of the internal revenue laws.

24      2.    This action arises under the laws of the United States, including, without

25  limitation, 26 U.S.C. § 7422.

26                                *Venue*

27      3.    Venue is proper in this Court under 28 U.S.C. § 1391.

28                         *Intradistrict Assignment*

COMPLAINT                                              Page 1 of 8

4.     Intradistrict Assignment has not yet been assigned, but is subject to a district-wide basis because its subject matter involves a federal tax dispute under Civil Local Rule 3-2(c).

### Statement of Facts

5.     Plaintiff is a California citizen who resides in Hayward, California.

6.     Around April 11, 2005, Plaintiff filed a timely federal income tax return for tax year 2004 of which he received a $2,582 refund.

7.     On April 15, 2005, the Internal Revenue Service made a tax assessment of $4,170.00 against Plaintiff for tax year 2004 based on the removal on the Earned Income Tax Credit that Plaintiff had previously claimed. Plaintiff appears to have self-assessed this liability by submitting an amended return to the Internal Revenue Service on or before April 15, 2005 along with a payment of $702.

8.     On August 15, 2005, the Internal Revenue Service made an assessment of $2,578.00 for tax year 2004 against Plaintiff.

9.     On April 15, 2008, Internal Revenue Service made an additional assessment in the amount of $1,237 for tax year 2004 against Plaintiff.

10.     On April 15, 2016, Plaintiff's 2015 tax refund of $690 was withheld by the Internal Revenue Service and applied to the 2004 tax liability.

11.     On April 15, 2017, Plaintiff's 2016 tax refund of $1,997 was withheld by the Internal Revenue Service and applied to the 2004 liability.

12.     Around September of 2017, Plaintiff came to the nonprofit organization, Chinese Newcomers Service Center Low Income Tax Clinic to seek assistance with his tax issue.

13.     The clinic agreed to assist and represent Plaintiff with his tax issues. With the statute of limitations on collection of tax liabilities being ten years from the date of assessment, the clinic attorney noticed that collectability on the tax liabilities assessed in 2005 for tax year 2004 should have expired in 2015. The only liability for 2004 still collectible in 2016 and 2017 is the assessment in 2008 of $1,237.

14.     On or around September 5 of 2017, Plaintiff Counsel contacted the Internal Revenue Service over the phone for an explanation on why the 2005 assessments have not

expired. The Internal Revenue Service agent told Plaintiff Counsel that all assessments for tax year 2004, including the assessments made in 2005, expired April 15, 2018, ten years from the date of the last assessment in 2008. The agent explained that the 2008 assessment extended the statute of limitations on the 2005 assessments. Plaintiff Counsel disagreed that newer assessments extended the statute of limitations on older assessments. The agent directed Plaintiff Counsel to mail in correspondence to a specified IRS service address to have the statute of limitations issue addressed.

15.     On October 10, 2017, Plaintiff Counsel, using the address provided by the Internal Revenue Service agent, sent a letter to Internal Revenue Service. In the letter, Plaintiff Counsel stated that Plaintiff's 2016 and 2017 payments were erroneously applied to the tax assessments that had already passed the statute of limitations for collection. (See Exhibit A October 10, 2017 letter).

16.     On November 13, 2017, the Internal Revenue Service responded to Plaintiff with a letter explaining how the IRS calculates late filing penalties and interests rates for underpayment of tax liabilities. (See Exhibit B November 13, 2017 letter).  Defendant did not address the statute of limitations issue that Plaintiff raised and did not explain why the 2005 assessments for tax year 2004 still show as collectible in Defendant's system in 2017.

17.     On or around November 20, 2017, Plaintiff Counsel called Internal Revenue Service's service center regarding Plaintiff's statute of limitations concerns. The Internal Revenue Service agent again could not explain why the 2005 assessments still show as valid in 2017 but believes their computer records to be correct.

18.     On November 15, 2017, Counsel for Plaintiff sent a letter explaining that Plaintiff's claim is based on the statute of limitations issue, requested review and requested Plaintiff Halim's administrative file. (See Exhibit C November 15, 2017 letter). The Internal Revenue Service did not reply to this letter.

19.     On February 22, 2018, Plaintiff Counsel sent a letter to Taxpayer Advocate Service, an independent branch of the Internal Revenue Service, for assistance with requesting the IRS to review the taxpayer's claim. (See Exhibit D Form 911). Plaintiff Counsel explained

1   that Plaintiff's claim was not being reviewed by the Internal Revenue Service despite both

2   calling and sending correspondence to the Service. In previous phone calls with the Taxpayer

3   Advocate Service, the department stated that they were unable to assist with the case due to the

4   matter being of a legal nature.

5      20. On June 4, 2018, Plaintiff's Counsel sent a letter requesting disclosure of Plaintiff

6   Halim's Individual Income Tax Returns from 2004 to 2017 under the Freedom of Information

7   Act and Privacy Act. (See Exhibit E June 4, 2018 FOIA Request).

8      21. On June 27, 2018, Defendant responded stated that there was "no activity

9   pertaining to Raid Halim for the years 2005 and 2017." (See Exhibit F June 27, 2018 letter).

10  Plaintiff did not receive any relevant information regarding tax year 2004 that would explain the

11  Internal Revenue Service's collection actions.

12     22. On July 18, 2018, Plaintiff sent Form 843 Claim for Refund and Request for

13  Abatement to the Internal Revenue Service along with a letter in support of the claim for refund

14  and detailed the reason for the refund claim is that the Internal Revenue Service collected

15  Plaintiff's tax refunds past the statute of limitations. (See Exhibit G, Form 843).

16     23. On August 15, 2018 Plaintiff Counsel requested Raid Halim's administrative file

17  for his Individual Income Tax Return for 2004 that was omitted in the previous response by the

18  Internal Revenue Service. (See Exhibit H August 15, 2018 letter). Plaintiff did not receive a

19  response.

20     24. On September 19, 2018, the Internal Revenue Service responded to Plaintiff's

21  refund claim, stating Plaintiff's claim could not be processed because "the information [Plaintiff]

22  submitted does not establish reasonable cause or ministerial/managerial errors or delays." (See

23  Exhibit I September 19, 2018 letter). The letter did not address Plaintiff's statute of limitations

24  claim. The letter did not mention that Plaintiff had appeal rights.

25     25. On October 26, 2018 Plaintiff Counsel sent another letter requesting Plaintiff's

26  administrative files for 2004. (See Exhibit J October 26, 2018).

27     26. On March 7, 2019, Plaintiff Counsel sent the Internal Revenue Service another

28  letter explaining the claim for refund has not been addressed and Plaintiff's claim is not based on

reasonable cause and ministerial delay as the Internal Revenue Service claimed in their letter. (See Exhibit K March 7, 2019 letter).

27.    Plaintiff received a letter dated July 1, 2019 stating that his claim cannot be processed because the information submitted does not establish reasonable cause, ministerial/managerial errors or delays. (See Exhibit L). The letter did not mention that Plaintiff had the right to appeal.

28.    On July 9, 2019, Plaintiff sent the Internal Revenue Service a letter requesting an Appeals Conference to review Plaintiff's claim. (Exhibit M). As of the filing of this complaint, Plaintiff received no response from the Internal Revenue Service on this request.

### Statement of Law

29.    Under 26 U.S.C. § 6502(a)(1), collection of tax must be made "within 10 years after assessment of the tax."

30.    Under 26 U.S.C. §7422(a), for civil actions for refund of tax payments, a taxpayer may commence a suit if a "claim for refund or credit has been duly filed with the Secretary" prior.

31.    For the purposes of § 7422(a), the Ninth Circuit Court has identified Form 843 as a proper form for filing a refund claim. *Crismon v. United States*, 550 F.2d 1205, 1206 (9th Cir. 1977),

32.    Under 26 U.S.C. §6532(a)(1), a suit under §7422 may be filed if six months has passed from the date of the filing of the refund claim. The suit also needs to be filed within two years of the mailing of a notice of disallowance by the Internal Revenue Service. *Id.*

33.    Under 26 U.S.C. § 6511(a), a claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later.

34.    Under 26 U.S.C. § 7803(a)(3)(A), the Commissioner of the Internal Revenue shall ensure taxpayers have the right to be informed. Right to be informed is defined as the right to clear explanations of the laws and IRS procedures in all tax forms, instructions, publications,

notices, and correspondence. It is also the right to be informed of IRS decisions about their tax accounts and to receive clear explanations of the outcomes. U.S. Department of the Treasury. Internal Revenue Service. (2015). *Publication 17: Tax guide 2014 for individuals* (Cat. No. 10311G). Retrieved from http://www.irs.gov/pub/irs-pdf/p17.pdf on October, 24, 2019.

35.     Under 26 U.S.C. § 7803(a)(3)(C), the Commissioner of the Internal Revenue shall ensure taxpayers have the right to pay no more than the correct amount of tax.

36.     Under 26 U.S.C. § 7803(a)(3)(D), the Commissioner of the Internal Revenue shall ensure taxpayers have the right to challenge the position of the Internal Revenue Service and be heard.

37.     Under 26 U.S.C. § 7430(a)(2), in any court proceedings against the United States for the determination, collection, or refund of any tax, interest, or penalty, reasonable litigation costs may be rewarded to the prevailing party. "Reasonable litigation costs" can include "reasonable court costs" § 7430(c)(1)(a), as well as "market rates for the kind and quality of services furnished." § 7430(c)(1)(b).

38.     Under 26 U.S.C. § 6621(a)(2), the interest rate for under payments of tax liabilities is both determined by the federal short term rate and 3 percentage points.

### *Claims*

39.     Pursuant to 26 U.S.C. § 6502(a)(1), the tax liability in the amount of $4,170.00 assessed on April 15, 2005 for tax year 2004 became uncollectible on April 16, 2016. The tax liability in the amount of $2,578.00 for tax year 2004 assessed on August 15, 2005 became collectible on August 16, 2015.Only the $1,237 assessment on April 15, 2008 remains valid when the 2016 and 2017 collection action happened.  As Defendant did not provide Plaintiff information on the interest and penalties associated with the 2008 assessment, Plaintiff calculated interest and penalties pursuant to 26 U.S.C. § 6621 to be $1,181.19. With Plaintiff's 2016 and 2017 refunds applied to the 2008 assessment, Plaintiff overpaid by $290.04.

40.     Pursuant to 26 U.S.C. § 7422(a), Plaintiff Halim has met the prerequisite of filing a suit by duly filing a Form 843 request for refund with the Internal Revenue Service prior to commencement of this action.

41.     Pursuant to 26 U.S.C. § 6532, Plaintiff filed suit on October 25th, 2019, after a six month period have passed since Plaintiff filed his refund claim on July 24, 2018. Plaintiff's claim is also within two years from the issuance of the notice of disallowance as a notice of disallowance was never issued.

42.     Pursuant to 26 U.S.C. § 6511(a), Plaintiff Halim filed his Form 843 claim for refund on July 18, 2018, which was within two years of the date of the overpayments of his tax liability on April 15, 2017.

43.     Pursuant to 26 U.S.C. § 7803(a)(3)(C), Plaintiff 's right to pay no more than the correct amount of tax is violated when Defendant collected his entire 2017 tax refund which is more than the amount of tax he legally owed.

44.     Pursuant to 26 U.S.C. § 7803(a)(3)(A), Plaintiff's right to be informed as a taxpayer was violated when Defendant failed to provide an explanation on why the 2005 assessments for tax year 2004 against Plaintiff did not expire 10 years from assessment. Plaintiff has submitted multiple requests to Defendant to explain and address why the 2005 assessments remain valid. Defendant did not provide any response that addresses this issue and failed to keep the taxpayer informed.

45.     Pursuant to 26 U.S.C. § 7803(a)(3)(D), Plaintiff's right to be heard is violated. Defendant did not consider Plaintiff's claim regarding the statute of limitations expiration despite Plaintiff submitting requests to Defendant four times. Defendant's responses were regarding penalties, interest calculation, ministerial errors, and reasonable cause, none of which addressed Plaintiff's statute of limitations claim.

46.     Pursuant to 26 U.S.C. § 7430(a)(2), Plaintiff's attorney, representing Plaintiff pro bono, is requesting "reasonable litigation costs" in connection to this suit. This can include services provided by counsel such as the time spent contacting Defendant, hours spent on legal research, preparation of filings and documents, and mailing and postage costs for this case. Plaintiff requests "prevailing market rates" for such services and fees.

### *Request for Relief*

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to answer and appear, and that on final trial:

47.    Enter judgment on behalf of Plaintiff against Defendant for Two Hundred Ninety Dollars and Four Cents [$290.04] or such greater amount as he may be entitled to, together with costs, interest, and attorney's fees as allowed by law,

48.    Award Plaintiff litigation costs and administrative cost; and

49.    Award such other and further relief as this Court deems just and proper.

Dated: October 25, 2019                    Respectfully submitted,

By: _/s/ Vivian Ho_____
Vivian Ho
CHINESE NEWCOMERS SERVICE CENTER
LOW INCOME TAX CLINIC
CA State Bar No. 308111
 Counsel for plaintiff Raid Halim
777 Stockton Street, Suite 104
San Francisco, CA 94108
Telephone:    (415) 421-2111
Facsimile:    (415) 421-2323
vivianho@chinesenewcomers.org